# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON, | CASE NO. 1:09-cv-00054-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT OR NOTICE OF VOLUNTARY DISMISSAL WITHIN THIRTY DAYS |
| v. | |
| DIRECTOR OF CORRECTIONS, et al., | (Doc. 1) |
| Defendants. | |

**I. Screening Order**

Plaintiff Marcus R. Ellington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on January 5, 2009. (Doc. 1.) Plaintiff's complaint is presently before the Court for screening.

**A. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at California Substance Abuse and Treatment Facility ("CSATF") in Corcoran, California, where the acts he complains of occurred. Plaintiff names the following defendants: Director of Corrections; Sergeants O. Best and Garza; correctional Counselor II Gomez; Chaplain McVae; Chief Medical Officer A. Enenmoh; physician assistant T. Beyers; officers Johnson, A. Sanchez, Joosten, Bonnacori, Ramos, Garza, DeLong, Campos, Pizzola, R. A. Castro, K. Holmes, and Bedford; Lieutenant Perez; Captain Reynoso; and Warden Ken Clark. Plaintiff also names officers Boyd, Brewer, and Flemming in the body of his complaint.

Plaintiff alleges the following. Defendants Boyd, Brewer, and Flemming moved Plaintiff from upper yard to lower yard and to a cell which is not accessible for mobility-impaired inmates such as Plaintiff. This also resulted in Plaintiff losing his vocational assignment. Plaintiff was moved because Boyd, Brewer, and Flemming discovered that Plaintiff had been charged with child molestation. Defendant O. Best upon receiving a 602 appeal from Plaintiff acted to move Plaintiff back to upper yard. (Doc. 1, pp. 3-4, ¶¶ 1-6.)

| | |
|---|---|
| 1 | Defendant A. Sanchez was contacted by defendants Brewer, Boyd, and Flemming. A. |
| 2 | Sanchez used his influence to have defendant Johnson search Plaintiff's cell and break his radio. |
| 3 | Defendant Sanchez also moved Plaintiff to a cell that did not have a shower accessible for |
| 4 | Plaintiff's ADA needs. Plaintiff informed officer Padilla of his situation, and Plaintiff was |
| 5 | subsequently moved back to another cell that had access to the ADA shower. (Id., p. 4, ¶¶ 7-9.) |
| 6 | Inmate O'Neal was placed in the same cell as Plaintiff. O'Neal had a known history of |
| 7 | mental illness and violence against other inmates. On August 31, 2008, Plaintiff was on his way |
| 8 | to an interview with defendant Sergeant Garza, and was being handcuffed. Plaintiff was |
| 9 | assaulted by inmate O'Neal right after he was handcuffed. (Id., p. 4, ¶ 10.) |
| 10 | Defendant Lieutenant Perez placed Plaintiff and O'Neal in the administrative segregation |
| 11 | unit (ASU). While there, Plaintiff's property was gathered and confiscated by defendants Boyd, |
| 12 | Ramos, Bonnacori, and Garza. Defendant was interviewed by defendant Captain Reynoso on |
| 13 | September 1, 2008 and requested to be re-housed in C upper yard, but was refused. Plaintiff was |
| 14 | released from ASU on September 1, 2008 and placed in the upper yard instead of the lower yard |
| 15 | where he did not have access to an ADA shower. Officers Galindo and Davis made Plaintiff |
| 16 | wait until the end in order to shower, resulting in Plaintiff not being able to shower at all because |
| 17 | of the time of day. Plaintiff had filed a 602 appeal form, and was interviewed by defendant |
| 18 | Sergeant Garza in mid October 2008, but nothing further was done. On November 23, 2008, |
| 19 | Plaintiff was moved back to a cell in B-section in order to utilize the ADA shower. (Id., p. 5, ¶¶ |
| 20 | 13-20.) |
| 21 | Plaintiff also alleges that he is denied a kosher diet in compliance with his faith, which |
| 22 | consists of House of Yahweh, Kaballah, and Hebrew/Islam. (Id., p. 7, ¶ 31.) |
| 23 | Plaintiff also alleges that defendant physician assistant T. Breyers acted to deny Plaintiff's |
| 24 | non-pharmaceutical treatment accommodations because Plaintiff does not meet the criteria for |
| 25 | the issuance of double mattresses and pillows. (Id., p. 8, ¶ 35.) |
| 26 | Plaintiff also alleges that on December 27, 2008, inmate Hill, Plaintiff's cell mate at the |
| 27 | time, threatened to kill himself. Hill was transported to C-clinic, where he then informed |
| 28 | |

1 sergeant Lunas that Hill was going to hurt Plaintiff if Plaintiff was not moved. Sergeant Lunas
2 ordered Plaintiff's cell searched. Upon Plaintiff's return to his cell, he declared it "trashed" and
3 demanded to be returned to ASU. Plaintiff was then pushed by officer Agostini back to C-clinic.
4 Lunas informed Plaintiff that Plaintiff would be written up for threatening sergeant Lunas. Lunas
5 stated that Plaintiff would be transferred to another facility after spending nine months in the
6 Secure Housing Unit. Officers Agostino and Patton both stated that Plaintiff did not threaten
7 Lunas. (Id., pp. 10-11, ¶¶ 45-57.)

Plaintiff seeks injunctive relief for the return of his property. (Doc. 1, p. 5.) Plaintiff seeks the implementation of a kosher diet for Plaintiff as well as a double mattress and pillows. (Doc. 1, p. 3.) Plaintiff seeks monetary damages. (Id.) Plaintiff also seeks immediate release from ASU, issuance of Plaintiff's legal property, and expungement of false charges from Plaintiff's central file. (Id, p. 11.)[1]

Plaintiff's complaint contains multiple unrelated claims against unrelated defendants. Plaintiff's complaint thus fails to comply with Federal Rule of Civil Procedure 18(a). "The controlling principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The Court will dismiss Plaintiff's claims regarding medical treatment and religious

---

[1] Plaintiff's complaint also alleges a deprivation of Plaintiff's typewriter. However, Plaintiff notes to the Court that "the typewriter issue has resolved it's self [sic]". (Doc. 1, p. 9.) The Court thus does not consider Plaintiff's allegations regarding his typewriter.

dietary needs for non-compliance with Rule 18(a), and dismiss without prejudice the defendants named regarding these claims, namely defendant T. Byers. The Court will provide Plaintiff with the appropriate legal standard regarding Plaintiff's claims in order to assist Plaintiff in determining whether or not he wishes to pursue these claims further.

Regarding religion, "[i]nmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part* by Shakur, 514 F.3d at 884-85.

Regarding medical treatment, to constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada

Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### C. Plaintiff's Claims

#### 1. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names defendants Director of Corrections, Gomez, McVae, A. Enenmoh, Joosten, Pizzola, R. A. Castro, K. Holmes, Bedford, Ken Clark, DeLong, and Campos but fails to link these defendants to any act or omission that would demonstrate a violation of Plaintiff's federal rights. Plaintiff thus fails to state a cognizable claim under section 1983 against these defendants.

#### 2. *Property*

Plaintiff alleges that defendant A. Sanchez influenced defendant Johnson to destroy Plaintiff's radio. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due

Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). California provides an adequate postdeprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam). Plaintiff is alleging an unauthorized deprivation by defendants A. Sanchez and Johnson. Since there is an adequate postdeprivation remedy provided by California law, Plaintiff fails to state a cognizable due process claim under section 1983 against defendants A. Sanchez and Johnson.

Plaintiff also alleges that defendants Boyd, Ramos, Bonnacori, and Garza confiscated Plaintiff's property after he was moved to ASU. It is unclear if Plaintiff is alleging an authorized, unauthorized or negligent deprivation of property. Plaintiff thus fails to state a cognizable due process claim under section 1983 against defendants Boyd, Ramos, Bonnacori, and Garza. In the event that this deprivation of property was authorized, so long as Plaintiff was provided with due process, there is no cognizable due process claim under section 1983.

### 3. *Placement in ASU*

Plaintiff also alleges that following an attack by inmate O'Neal on Plaintiff, both Plaintiff and O'Neal were placed in ASU by defendant Lieutenant Perez. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-

84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal non-adversary review of the evidence justifying the decision to place the prisoner in ad-seg. See Hewitt, 459 U.S. at 476. After placement in ad-seg, a prisoner must have his placement periodically reviewed by prison officials. Id. Plaintiff fails to allege that he was placed in ad-seg in violation of this requirement. Plaintiff thus fails to state a cognizable due process claim under section 1983 against defendant Lieutenant Perez.

Plaintiff also alleges that defendant Lunas ordered Plaintiff placed in ASU because Lunas wanted to punish Plaintiff for not getting along with any of his cell mates. Plaintiff fails to allege a violation of any procedural due process requirements.

Plaintiff also alleges that defendant Lunas filed a false rules violation report because Plaintiff was not getting along with any of his cell mates. Plaintiff alleges that this violates California law. Plaintiff does not allege the loss of any liberty interest. The provisions for certain procedural protections under state law do not enlarge the protections Plaintiff is due under federal law, which are fairly minimal. See Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation, see Hewitt, 459 U.S. at 466-68, and Plaintiff has not alleged any facts which support a finding that Plaintiff had a liberty interest in remaining free from ASU.

The Ninth Circuit has also not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). As previously stated, liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin at 484. Plaintiff has alleged no facts with regard to the information that Plaintiff seeks to have expunged or corrected in his central file that establish the existence of a liberty interest entitling Plaintiff to due process.

1     Plaintiff also alleges that Plaintiff informed defendant Captain Reynoso of a desire to be
moved to be re-housed in a specific yard upon his release from ASU, but was ignored. Yet
again, Plaintiff does not allege a deprivation of any sort of liberty interest in being housed in a
specific yard.

Plaintiff also alleges that defendant sergeant Garza interviewed Plaintiff regarding
Plaintiff's 602 inmate appeal of his ASU placement, but nothing was done. "[A prison]
grievance procedure is a procedural right only, it does not confer any substantive right upon the
inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis,
568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance
procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance
procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural
protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at
10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Plaintiff thus fails to state a
claim based solely on actions taken in processing an inmate appeal.

In summary, Plaintiff fails to state any cognizable claims under section 1983 for violation
of the Due Process Clause.

### 4. *Cell Placement and the ADA*

Plaintiff alleges that he was moved multiple times by defendants to cells that did not have
ADA shower accessibility. Title II of the Americans with Disabilities Act (ADA) " prohibit
discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.
2002). Title II of the ADA provides that "no qualified individual with a disability shall, by
reason of such disability, be excluded from participation in or be denied the benefits of the
services, programs, or activities of a public entity, or be subject to discrimination by such entity."
42 U.S.C. § 12132. "To establish a violation of Title II of the ADA, a plaintiff must show that
(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or
otherwise discriminated against with regard to a public entity's services, programs, or activities;

and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Plaintiff alleges that defendants Boyd, Flemming, Brewer, and A. Sanchez moved Plaintiff to cells that did not have access to the ADA shower. Plaintiff fails to allege sufficient facts to state a cognizable claim for violation of the ADA. Plaintiff alleges that though he is initially moved to a cell that has no access to the ADA shower, Plaintiff is then subsequently transferred to a cell that does have access. Plaintiff fails to allege that he is being discriminated against with regard to the prison's activities because of his disability. Plaintiff thus fails to state a cognizable claim against Boyd, Fleming, Brewer, and A. Sanchez.

Plaintiff also fails to state a claim against defendants Sergeants Garza and O. Best. Plaintiff alleges that sergeants Garza and O. Best ordered Plaintiff's moves back to a cell that had access to ADA showers. Thus, defendants Garza and O. Best does not appear to commit any sort of discrimination.

If Plaintiff is alleging liability because of defendants Garza and O. Best's supervisorial role, Plaintiff also fails to state a claim. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff alleges no facts that indicate defendants sergeants Garza and O. Best had personally participated, actual knowledge of the violations and a failure to prevent them, or implemented a policy that violated

Plaintiff's federal rights.

**II.      Conclusion**

Plaintiff fails to state any cognizable claims under section 1983. For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff does not wish to pursue this action, Plaintiff may instead file a notice of voluntary dismissal within thirty days.

If Plaintiff opts to amend, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint;

5. If Plaintiff does not wish to file an amended complaint, Plaintiff may file a notice of voluntary dismissal within **thirty (30) days** from the date of service of this order and

6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **March 30, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE