# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K. CLARK, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00054-DLB PC<br><br>ORDER REQUIRING PLAINTIFF EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 18)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.       Screening Order**

Plaintiff Marcus R. Ellington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on January 5, 2009. (Doc. 1.) The Court dismissed Plaintiff's original complaint with leave to amend on March 31, 2009. (Doc. 16.) Plaintiff filed his first amended complaint on April 9, 2009. (Doc. 18.) Plaintiff's first amended complaint is presently before the Court for screening.

　　**A.       Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. Plaintiff was formerly housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California, where the acts he complains of occurred. Plaintiff names the following defendants: Warden Ken Clark; associate warden Polk; chief deputy warden Diaz; program captain Reynoso; sergeant Lunes; correctional counselor II Henning; Hoaxion, custodial lieutenant; Ayon and W. Jones, custodial officers; and Correctional Counselor I Wiggins. Plaintiff also names the director of corrections as a defendant in the body of his complaint but not in the caption.

Plaintiff alleges the following. On December 27, 2008, at approximately 5 PM, Plaintiff's cellmate Hill told the nurse during pill distribution that he was going to kill himself. Hill was taken to the clinic, where he informed defendant sergeant Lunes that unless Plaintiff

2

was moved, Hill would kill Plaintiff. Defendant Lunes ordered Hill moved to another cell, and Plaintiff was placed into a holding cage at the clinic. Plaintiff's cell was destroyed by a malicious cell search. (Doc. 18, p. 3.)

Defendant Lunes ordered the cell search as punishment for Plaintiff having a series of cell changes due to his bipolar condition. Defendant W. Jones confiscated Plaintiff's property, and failed to leave notice of the confiscated items. The cell search was done without authorization. (Doc. 18, pp. 4-5.)

Plaintiff refused to enter his cell and demanded to be taken to administrative segregation ("ASU") where he would then talk to the captain the next day. Plaintiff was then wheeled back to the holding cage in at the clinic where defendant Lunes informed Plaintiff that he was going to ASU for threatening defendant Lunes and that Plaintiff would be transferred. Plaintiff denies making any threats. Plaintiff was placed in ASU on December 27, 2008. Defendant Captain Reynoso reviewed RVR 08-12-039, pertaining to the charge of threatening staff, and found the charge to be unsubstantiated. Defendant Reynoso changed the charge to "behavior that might lead to violence." (Doc. 18, pp. 6-7.)

Defendant Wiggins delivered Plaintiff to Institution Classification Committee ("ICC") on January 23, 2009, twenty-seven days after Plaintiff's arrival in ASU, in violation of state regulations. Defendant Reynoso recommended Plaintiff's retention in ASU and transfer. Defendant Associate Warden Polk during the ICC hearing found that Plaintiff should be retained in ASU. (Doc. 18, pp. 7-8.)

Plaintiff then contacted defendant deputy chief warden Diaz and explained to him that the threat charge which led to Plaintiff's placement in ASU had been dismissed and that Plaintiff should thus be released. On January 29, 2009, Plaintiff was brought before ICC again, where defendant Diaz stated that at Plaintiff's next ICC hearing, Plaintiff could present his side. Plaintiff at his next ICC hearing was retained in ASU again by defendant Polk. (Doc. 18, pp. 9-11.) At the February 6, 2009 RVR disciplinary hearing, Plaintiff was found guilty by defendant Hoaxion of the charge of behavior that might lead to violence. (Doc. 18, p. 12.)

1  Plaintiff also makes allegations against the director of Corrections regarding Plaintiff's housing with gang affiliated inmates and his lack of opportunities regarding work time credits. (Doc. 18, pp. 18-21.)

Plaintiff requests as relief: release from ASU, prevention of any potential transfer from CSATF, and monetary damages.

### C.      Plaintiff's Claims

#### 1.      *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that his retention in ASU and proposed transfer were due to Plaintiff filing administrative and civil complaints. (Doc. 18, p. 11.) Plaintiff has stated a cognizable retaliation claim against defendants Lunes, Reynoso, Polk, and Diaz.

Plaintiff has not stated a cognizable retaliation claim against defendant Clark. Plaintiff alleges that he sent a letter to warden Clark regarding the retaliatory actions of his subordinates. Plaintiff appears to allege liability based on defendant Clark's supervisory role. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief

under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not alleged any facts indicating that defendant Clark personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646.

### 2. *Due Process*

#### A. Property

Plaintiff alleges that defendant W. Jones at the command of defendant Lunes searched his cell was and deprived him of his property in an unauthorized manner. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). California provides an adequate postdeprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff's allegations indicate that the deprivation was unauthorized, which does not

constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment. Plaintiff thus fails to state a cognizable due process claim regarding his property.

### B. Administrative Segregation

#### 1. Delayed Formal Hearing

Plaintiff alleges that defendant Wiggins violated Plaintiff's due process by not bringing Plaintiff to his ICC hearing regarding his administrative segregation unit ("ASU") placement until 27 days afterwards. Prison officials within a reasonable time after the prisoner's placement must conduct an informal non-adversary review of the evidence justifying the decision to place the prisoner in ASU. See Hewitt v. Helms, 459 U.S. 460, 576 (1983). Plaintiff appears to allege that he should have had a formal review of his ASU placement sooner according to state regulations.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. State regulations thus do not categorically create a claim under the Due Process Clause of the Fourteenth Amendment. Only those state-created regulations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" would create a liberty interest that implicates the Due Process Clause. Plaintiff's allegations do not indicate such a liberty interest. Plaintiff thus fails to state a cognizable due process claim against

1 defendant Wiggins.

### 2. Placement In ASU

Plaintiff alleges that defendant Lunes initially charged him with threats to staff which led to Plaintiff's placement in the ASU. Plaintiff alleges this charge was subsequently changed by defendant Reynoso to "behavior that could lead to violence." Plaintiff alleges that defendant Hoxion found Plaintiff guilty of this charge at his RVR hearing. Plaintiff alleges that this constitutes a violation of his due process rights because he was not provided with notice of the charge prior to his placement in ASU.

As stated previously, the Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The state does not create protectable liberty interests by way of mandatory language in prison regulations. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff has not sufficiently alleged how his placement in ASU has imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. Plaintiff thus fails to state a cognizable due process claim. Plaintiff will be provided with an opportunity to amend his complaint.

### 3. *Vagueness*

Plaintiff alleges that the charge of "behavior that could lead to violence" is vague, violating due process. (Doc. 18, p. 14.) See United States v. Kim, 449 F.3d 933, 941-42 (9th Cir. 2006) ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.") (citation omitted); Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996) (citing Grayned v. City of Rockford, 408 U.S. 104, 108 (1972) (laws must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he

may act accordingly.")). The Court cannot find at this time that Plaintiff fails to state a cognizable vagueness claim, and thus finds the claim cognizable against defendants Reynoso and Hoaxion.

### 4. *Linkage Requirement*

Plaintiff named defendant Ayon regarding his conviction under the charge of behavior that could lead to violence. Plaintiff however alleges no facts that link defendant Ayon to any act or omission that violated Plaintiff's federally protected rights. Plaintiff also named defendant Henning in the caption of his complaint but also failed to link defendant Henning to any act or omission that violated Plaintiff's federally protected rights. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Here, Plaintiff fails to state a cognizable claim under section 1983 against defendants Ayon and Henning.

### 5. *Claims Against the Director of Corrections*

Plaintiff alleges that the Director of Corrections is housing him with gang affiliated inmates in violation of state regulations. (Doc. 18, pp. 18-19.) Plaintiff has alleged no liberty interest in being housed away from certain types of inmates. Plaintiff's allegations fail to

8

demonstrate how being housed with gang affiliated inmates imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  See Sandin, 515 U.S. at 484.

Plaintiff also alleges that the director of corrections failed to provide work opportunities for Plaintiff which denied Plaintiff the opportunity to reduce his prison time.  (Doc. 18, pp. 20-21.)  A deprivation that affects the duration of a prisoner's sentence, such a the loss of good time credits may, in some circumstances, implicate due process concerns.  Sandin, 515 U.S. at 477-78 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (state-created interest in shortened prison sentence is an interest of "real substance")).  Such a liberty interest is limited to circumstances in which time credits were revoked as a disciplinary action; however, such a claim is not cognizable under § 1983 unless the result of such disciplinary action has been previously overturned or otherwise invalidated.  Edwards v. Balisok, 520 U.S. 641, 644 (1997).  Moreover, the act of revoking time credits must be distinguished from the act of limiting a prisoner's ability to prospectively earn time credits.  Prisoners have no liberty interest in earning work time credits or participating in work programs.  Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986).  Plaintiff thus fails to state a cognizable due process claim regarding participation in work programs.

**II.     Conclusion**

Plaintiff has stated a cognizable claim against 1) defendants Lunes, Reynoso, Diaz, and Polk for retaliation in violation of the First Amendment and 2) defendants Reynoso and Hoaxion for vagueness in violation of the Due Process Clause of the Fourteenth Amendment.  Plaintiff fails to state any cognizable section 1983 claims against defendants K. Clark, Ayon, W. Jones, Henning, Wiggins, and the Director of Corrections.

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only against defendants Lunes, Reynoso, Diaz, Polk, and Hoaxion, Plaintiff may so notify the Court in writing.  The Court will then issue a Findings and Recommendations recommending that defendants K. Clark, Ayon, W. Jones, Henning, and the Director of Corrections be dismissed from this action, and will forward Plaintiff five summonses and five

USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend his complaint, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that Plaintiff does not wish to file an amended

complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order;

3. Plaintiff may not add any new, unrelated claims to this action via the second amended complaint and any attempt to do so will result in an order striking the second amended complaint; and

4. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.

IT IS SO ORDERED.

Dated: **May 7, 2009**  /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE