1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   MARCUS R. ELLINGTON,                     CASE NO. 1:09-cv-00054-DLB PC

10                    Plaintiff,              ORDER TO SHOW CAUSE

11        v.                                 (Doc. 23)

12   K. CLARK, et al.,

13                    Defendants.            RESPONSE DUE WITHIN 20 DAYS
                                      /
14

15        Plaintiff Marcus R. Ellington ("Plaintiff"), is a state prisoner proceeding pro se and in

16   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his second

17   amended complaint on May 26, 2009  (Doc. 23.)

18        The Court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20   However, as a preliminary matter, before the Court will screen Plaintiff's complaint, it is

21   necessary that Plaintiff have exhausted available administrative remedies prior to filing his

22   complaint.

23        Plaintiff's second amended complaint indicates that he did not complete the

24   administrative appeal process.  (Doc. 23, p. 2.)  Plaintiff states that his "administrative appeal

25   was dismissed due to Plaintoff [sic] Having attached an additional document's [sic] supporting

26   his position."  (Id.)

27        Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

28   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1

1  confined in any jail, prison, or other correctional facility until such administrative remedies as are

2  available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

3  administrative remedies prior to filing suit.  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007);

4  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

5  regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

6  Booth v. Chruner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

7  prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

8       The California Department of Corrections has an administrative grievance system for

9  prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by

10  submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including

11  the informal level, first formal level, second formal level, and third formal level, also known as

12  the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days

13  of the event being appealed, and the process is initiated by submission of the appeal to the

14  informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In

15  order to satisfy section 1997e(a), California state prisoners are required to use this process to

16  exhaust their claims prior to filing suit.  Woodford v. Ngo, 126 S. Ct. 2378, 2383 (2006);

17  McKinney, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and . . .

18  unexhausted claims cannot be brought in court."  Jones, 127 S. Ct. at 918-19 (citing Porter, 435

19  U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet

20  federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524

21  (quoting Booth, 532 U.S. at 739 n.5).

22       It is unclear on the face of Plaintiff's second amended complaint whether he has

23  exhausted all available administrative remedies prior to filing this action.

24  //

25  //

26  //

27  //

28  //

2

1    Accordingly, it is HEREBY ORDERED that within **twenty (20) days** from the date of

2    service of this order, Plaintiff must show cause why this Court should not dismiss this action

3    pursuant to 42 U.S.C. § 1997e(a).

4    Failure to respond timely to this order will result in dismissal of this action without

5    prejudice.

6

7    IT IS SO ORDERED.

8    **Dated:    June 19, 2009**            **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28