# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON,<br><br>            Plaintiff,<br><br>    v.<br><br>K. CLARK, et al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:09-cv-00054-DLB PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Doc. 25)<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 23) |

**I.      Order**

Plaintiff Marcus R. Ellington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on January 5, 2009. (Doc. 1.) The Court dismissed Plaintiff's original complaint with leave to amend on March 31, 2009. (Doc. 16.) Plaintiff filed his first amended complaint on April 9, 2009. (Doc. 18.) On May 8, 2009, the Court screened Plaintiff's first amended complaint and ordered that Plaintiff either file a second amended complaint or notify the court of his willingness to proceed only on claims found to be cognizable. (Doc. 21.) On May 26, 2009, Plaintiff filed his second amended complaint. (Doc. 23.) Plaintiff's second amended complaint is presently before the court for screening.

//
//

1

On June 22, 2009, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to exhaust administrative remedies prior to filing suit. (Doc. 25.) On June 29, 2009, Plaintiff filed his response indicating he had exhausted. (Doc. 26.) The Court HEREBY DISCHARGES the Order to Show Cause filed June 22, 2009.

### A.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

//
//
//

**B.     Summary of Plaintiff's Second Complaint**

Plaintiff is currently housed at Kern Valley State Prison in Delano, California.  Plaintiff was formerly housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California, where the acts he complains of occurred.  Plaintiff names the following defendants: Warden Ken Clark; associate warden Polk; chief deputy warden Diaz; program captain Reynoso; sergeant Lunes; Hoxion, lieutenant; W. Jones, custodial officer; and Correctional Counselor I Wiggins.

Plaintiff alleges the following.  On December 27, 2008, at approximately 5 PM, Plaintiff's cellmate Hill told registered nurse Giwa during medication distribution that Hill was going to kill himself.  (Doc. 23, p. 3.)  Hill was removed from his cell to the clinic, where he informed defendant sergeant Lunes that unless Plaintiff was moved, Hill would kill Plaintiff.  Defendant Lunes ordered Hill moved to another cell, and Plaintiff was placed into a holding cage at the clinic.  (Doc. 23, p. 3.)  Defendant Lunes ordered a cell search as punishment for Plaintiff having a series of cell changes due to his bipolar condition.  (Doc. 23, ¶ 5.)  Defendant Captain Reynoso is aware that Plaintiff is not a Crip gang member and has difficulty being housed with Crip gang members, but Reynoso continued to house Plaintiff with Crips.  (Doc. 23, ¶ 6.)

During the cell search, defendant W. Jones confiscated and destroyed several of Plaintiff's items.  (Doc. 23, ¶ 11.)

Lunes ordered Plaintiff returned to his cell, where Plaintiff found his cell in shambles. (Doc. 23, ¶ 7.)  Plaintiff refused to enter his cell.  (Id.)  Plaintiff was then wheeled back to the holding cage in at the clinic where defendant Lunes informed Plaintiff that he was going to ASU for threatening defendant Lunes and that Plaintiff would be transferred. (Doc. 23, ¶ 9.)

Plaintiff was placed in ASU on December 27, 2008.  (Doc. 23, ¶ 13.)  Defendant Lunes found an old confidential memorandum that included an inmate's statement that Plaintiff is a gang member.  (Doc. 23, ¶ 13.)  Defendant Lunes included this memorandum in his supplemental report to the Rules Violation Report concerning threats.  (Doc. 23, ¶ 13.)

Defendant Captain Reynoso reviewed the threat charge and found the charge to be

unsubstantiated. (Doc. 23, ¶ 14.) Defendant Reynoso changed the charge to "behavior that might lead to violence," despite not having any authority to do so. (Doc 23, ¶ 15.)

Defendant Correctional Counselor I Wiggins delivered Plaintiff to Institution Classification Committee ("ICC") twenty-seven days after Plaintiff's arrival in ASU, in violation of state regulations. (Doc. 23, ¶ 17.)

On January 23, 2009, Plaintiff was taken to ICC where defendant Reynoso asked defendant Polk to retain Plaintiff in ad-seg and transfer him because of defendant Lunes's report. (Doc. 23, ¶ 19.) Defendant Polk did not permit Plaintiff to speak at the hearing and agreed with defendant Reynoso's assessment. (Doc. 23, ¶ 20.)

Plaintiff then contacted defendant deputy chief warden Diaz and explained to him that the threat charge which led to Plaintiff's placement in ad seg had been dismissed and that Plaintiff should thus be released. Defendant Diaz told defendant Wiggins to bring Plaintiff to the next ICC hearing and if there was no other reason to retain Plaintiff in ad seg other than Lunes's threat charge, Plaintiff would be released. (Doc. 23, ¶ 22.)

On January 29, 2009, Plaintiff was brought before ICC again, with defendant Diaz present. (Doc. 23, ¶ 23.) Plaintiff was shown for the first time the supplemental report by Lunes. (Doc. 23,¶ 23.) Plaintiff then mailed to defendant Diaz an inmate appeal which indicated that Plaintiff is not a gang member. (Doc. 23,¶ 23.) Plaintiff requested an opportunity to present his cause, and defendant Diaz ordered that Plaintiff be brought to the next ICC hearing. (Doc. 23, ¶ 23.)

Plaintiff at his next ICC hearing was retained in ASU again by defendant Polk. (Doc. 23, ¶ 25.) At the February 6, 2009 RVR disciplinary hearing, Plaintiff was found guilty by defendant Hoxion of the charge given by defendant Reynoso. (Doc. 23, ¶ 28.)

Plaintiff had notified defendants Diaz, Polk, and Warden Clark that his transfer and ad seg placement were based on a non-existent threat charge and that it was being done in a retaliatory manner. (Doc. 23, ¶ 29.)

Plaintiff also alleges that defendants Polk, Wiggins, Clark, and Diaz placed false

information into Plaintiff's c-files, declaring him a child molester, to cause him physical harm at Kern Prison.  (Doc. 23, ¶ 41.)

Plaintiff requests as relief: return to CSATF, compensation for his damaged and destroyed property, and money damages.

### C.      Plaintiff's Claims

#### 1.      *Retaliation*

Plaintiff alleges that defendants are retaliating against him for exercising his right to file prison grievances by holding him in ad seg and transferring him.  (Doc. 23, pp. 4-5, 11, ¶¶ 4, 29.) Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on Plaintiff's allegations, Plaintiff has stated a cognizable retaliation claim against defendants Lunes, Reynoso, Polk, Diaz, and Clark.

#### 2.      *Due Process*

##### A.      Property

Plaintiff alleges that defendant W. Jones at the command of defendant Lunes searched his cell and deprived him of his property in violation of his due process.  The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v.

Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). California provides an adequate postdeprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff's allegations indicate that the cell search by W. Jones was authorized by defendant Lunes. (Doc. 23, pp. 5-6, ¶¶ 5, 11-12.) Plaintiff has sufficiently alleged a cognizable due process claim for deprivation of property against defendants W. Jones and Lunes.

### B. Liberty Interest

Plaintiff complains of his ad seg placement. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. State regulations thus do not categorically create a claim under the Due Process Clause of the Fourteenth Amendment. Only those state-created regulations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" would create a liberty interest that implicates the Due Process

Clause.

Plaintiff's allegations are not sufficient to indicate such a liberty interest. Plaintiff fails to allege how the conditions in administrative segregation are materially different from the conditions in general population. See Jackson v. Carey, 353 F.3d 750, 755-57 (9th Cir. 2003) (finding cognizable due process claim when plaintiff prisoner alleged material differences between general population, administrative segregation, and disciplinary segregation).

Because Plaintiff has not sufficiently alleged a liberty interest, Plaintiff has not stated a cognizable due process claim against any defendants.

### C.    Vagueness

Plaintiff alleges that the charge of "behavior that could lead to violence" is vague, violating due process. (Doc. 23, p. 11, ¶ 32.) See United States v. Kim, 449 F.3d 933, 941-42 (9th Cir. 2006) ("It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.") (citation omitted); Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996) (citing Grayned v. City of Rockford, 408 U.S. 104, 108 (1972) (laws must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly.")). However, without an alleged liberty interest at stake, Plaintiff's allegations of vagueness are not sufficient to state a claim against defendants Hoxion and Reynoso.

### 3.    *Information in C-File*

Plaintiff alleges that the information placed in his C-file by defendants Polk, Wiggins, Clark, and Diaz, which falsely states that Plaintiff is a child molester, could lead to Plaintiff being harmed at his new prison.

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat

to the inmates's safety." Farmer, at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Farmer, 511 U.S. at 843 (citing Helling, 509 U.S. at 35).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835.  The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Though Plaintiff indicates that he feels his life is in jeopardy, he has not sufficiently alleged a cognizable claim.  Plaintiff's claim that this information will be spread to other inmates is speculation and not sufficient to state a cognizable claim.

## II.     Conclusion and Order

Plaintiff has stated a cognizable claim against defendants Lunes, Reynoso, Polk, Diaz, and Clark for retaliation in violation of the First Amendment, and a cognizable due process claim against defendants Lunes and W. Jones for deprivation of property.  Plaintiff alleges no other cognizable claims.  Plaintiff had been provided two other opportunities to amend.  Further leave to amend will not be granted.

//

//

//

Based on the foregoing, it is HEREBY ORDERED that:

1. This action shall proceed only against defendants Lunes, Reynoso, Polk, Diaz, and Clark for retaliation in violation of the First Amendment, and against defendants Lunes and W. Jones for violation of the Due Process Clause of the Fourteenth Amendment; and

2. Defendants Hoxion and Wiggins are dismissed with prejudice from this action for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **July 21, 2009**              **/s/ Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE