# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>K. CLARK, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00054-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUCTIVE RELIEF<br><br>(Docs. 7, 10, 11, 22, and 24) |

**I.　Order**

　　　Plaintiff Marcus R. Ellington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his second amended complaint on May 26, 2009. Plaintiff has filed several motions for injunctive relief and other miscellaneous relief since the beginning of this action.

　　　Defendants have not yet been served. Until the second amended complaint has been served on defendants and they have appeared in this action, the Court will not have jurisdiction over any of the defendants and may not issue any orders mandating that they take certain action. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). However, in light of the self-reported urgency of Plaintiff's request for preliminary injunctive relief and other relief, the Court shall address Plaintiff's pending motions.

//
//

1

## II. Legal Standard

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). A mandatory preliminary injunction such as that sought by plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform

Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

### III.  Plaintiff's Motions

#### A.  January 23, 2009 Motion and January 26, 2009 Motion

Plaintiff's motion, filed on January 23, 2009, requests that the Court 1) find that section 3005(a), title 15 of the California Code of Regulations is "unconstitutionally vague"; 2) order Plaintiff's removal from administrative segregation unit and placement in C-upper yard; 3) prohibit any retaliation by the custodial personnel; 4) order reimbursement for Plaintiff's destroyed property; 5) order Plaintiff's transfer to the California Medical Facility in Vacaville, California; and 6) order removal of child molestation charges from Plaintiff's central prison file. (Doc. 7, Pl.'s Mot. 2-3.)  Plaintiff's January 26, 2009 motion makes the same requests. (Doc. 10, Pl.'s Mot. 2-3.)

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). As of the filing of this order, Plaintiff is no longer housed at California Substance Abuse Treatment Facility ("CSATF"), from where Plaintiff's claims in this action arise, and is now housed at Kern Valley State Prison.  Plaintiff's requests to be moved from ad seg to C-upper yard and protected from retaliation by prison officials at CSATF is thus denied as moot.

Plaintiff alleges that the false child molestation charge in his central file will lead to his harm and requests that the parties responsible be added to this suit for attempted murder. (Doc. 7, Pl.'s Mot. 3.)  Other than this conclusory statement, Plaintiff offers no evidence that Plaintiff's

3

1  life or safety has actually been placed in jeopardy.  Plaintiff has not sufficiently shown a
2  combination of probable success and the possibility of irreparable harm.  This request is therefore
3  denied.
4       Plaintiff's request that section 3005(a) of the California Code of Regulations be found
5  unconstitutionally vague also fails to meet the stringent requirements for preliminary injunctive
6  relief.  Plaintiff has not sufficiently demonstrated that he faces irreparable harm as to this issue.
7  Plaintiff's requests for compensation for his property and transfer to a specific facility are
8  likewise deficient as to the irreparable harm Plaintiff will suffer.  Accordingly, Plaintiff's January
9  23, 2009 motion and January 26, 2009 motion are denied.

10      **B.**    **January 28, 2009 Motion**
11       Plaintiff requests that he be allowed to proceed with his claim without having exhausted
12  administrative remedies.  (Doc. 11, Pl.'s Mot. 1.)  Plaintiff does not have to plead exhaustion of
13  administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 216 (2007).  Plaintiff's
14  motion here is thus denied as moot.  Defendants, if and when they do appear in this action, will
15  be entitled to file a motion to dismiss for failure to exhaust available administrative remedies
16  pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure.
17       Plaintiff also requests that the Court order: 1) a stop to any prison transfer from CSATF
18  except to California Medical Facility; 2)Plaintiff's release from ad-seg; 3) Plaintiff's transfer to
19  California Medical Facility; 4) expungement of Plaintiff's central file of Rules Violation Report
20  C-08-12-039; 5) award of attorney's fees; and 6) section 3005(a) void for vagueness. (Doc. 11,
21  Pl.'s Mot. 3.)  Many of these requests were addressed and denied as indicated above.
22       Plaintiff's request for expungement of a Rules Violation Report from his central file is
23  denied.  Plaintiff demonstrates no irreparable harm from the report that would require
24  preliminary injunctive relief.  Plaintiff's request for attorney fees is denied.  Plaintiff is
25  proceeding pro se and is not entitled to attorney fees.
26  //
27  //
28

4

### C.     May 13, 2009 Motion

Plaintiff requests that his typewriter be replaced and that other missing property be restored. (Doc. 22, Pl.'s Mot. 2-3.) Plaintiff alleges that it was destroyed, intentionally or inadvertently, by custodial officer Murberger. (Doc. 22, Pl.'s Mot. 2-3.) Plaintiff's request that he be returned to CSATF is denied as indicated above. Plaintiff's request that the typewriter be replaced by officer Murberger is denied. Plaintiff fails to demonstrate irreparable harm that would merit preliminary injunctive relief. The Court does not have jurisdiction in this action to issue the orders sought, as the case or controversy requirement cannot be met in light of the fact that the issues Plaintiff seeks to remedy in this motion bear no relation to the past events at CSATF giving rise to this suit. Plaintiff's requests here are denied.

### D.     June 17, 2009 Motion

Plaintiff requests that his walker and wheelchair not be taken from his cell at Kern Valley State Prison, and requests a return to CSATF. (Doc. 24, Pl.'s Mot. 3.) Plaintiff's request for transfer is denied as indicated above. Plaintiff's request regarding his walker and wheelchair is denied. As stated previously, the Court does not have jurisdiction in this action to issue the orders sought, as the case or controversy requirement cannot be met because the issues Plaintiff seeks to remedy in this motion bear no relation to the past events at CSATF giving rise to this suit.

### IV.    Conclusion

For the foregoing reasons, the Court HEREBY ORDERS that Plaintiff's motions for injunctive relief, filed on January 23, 2009; January 26, 2009; January 28, 2009; May 13, 2009; and June 17, 2009, are DENIED.

IT IS SO ORDERED.

Dated:   **July 21, 2009**           **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE