# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON, | CASE NO. 1:09-cv-00054-OWW-DLB PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 44) |
| DIRECTOR OF CORRECTIONS, et al., | OPPOSITION TO MOTION TO DISMISS DUE WITHIN THIRTY DAYS |
| Defendants. | |

Plaintiff Marcus R. Ellington ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 8, 2009, Defendants Lunes, Reynoso, Polk, Diaz, Jones, and Ken Clark filed a motion to dismiss. Currently pending before the Court is Plaintiff's motion, filed December 24, 2009. Plaintiff contends that he does not have access to the law library at Kern Valley State Prison ("KVSP") due to his need of a wheelchair or other ambulatory device which KVSP has not provided. The Court construes Plaintiff's motion as a request for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

1  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
2 must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95,
3 102, 103 S. Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of*
4 *Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982).  If the court does not
5 have an actual case or controversy before it, it has no power to hear the matter in question.
6 *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal
7 jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to
8 determine the rights of persons not before the court." *Zepeda v. United States Immigration*
9 *Service*, 753 F.2d 719, 727 (9th Cir. 1985).

10  Plaintiff's action concerns defendants at California Substance Abuse and Treatment
11 Facility ("SATF").  KVSP is not a party to this action.  Thus, the Court has no jurisdiction in this
12 action to grant Plaintiff's request for preliminary injunction.  Accordingly, Plaintiff's motion,
13 filed December 24, 2009, is denied.

14  Because Plaintiff is proceeding pro se, the Court will grant Plaintiff an extension of time
15 to file his opposition to Defendants' motion to dismiss.  Plaintiff is granted thirty (30) days from
16 the date of service of this order in which to file his opposition.  Failure to file an opposition will
17 be construed as a waiver of opposition.

18  IT IS SO ORDERED.

19  Dated:   **May 14, 2010**          /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE