# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON, | CASE NO. 1:09-cv-00054-OWW-DLB PC |
| Plaintiff, | ORDER VACATING MAY 14, 2010 ORDER |
| v. | (Doc. 57) |
| CLARK, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF BE DENIED |
| Defendants. | |
| | (Docs. 44, 59) |
| | OBJECTIONS DUE WITHIN 20 DAYS |

Plaintiff Marcus R. Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On May 27, 2010, Plaintiff filed a motion for emergency relief due to irreparable harm and imminent danger. (Doc. 59.) Plaintiff requests that he be granted access to his walker, and provided with medical care. Plaintiff is currently incarcerated at Kern Valley State Prison. The Court construes this as a motion for preliminary injunction.

On May 14, 2010, the Court issued an order denying Plaintiff's December 24, 2009 motion. (Doc. 57.) On further review, Plaintiff's motion was for preliminary injunctive relief. Because both parties have not consented to magistrate judge jurisdiction in this action, the Court HEREBY VACATES its May 14, 2010 order. The Court issues the following Findings and Recommendations regarding Plaintiff's December 24, 2009 and May 27, 2010 motions.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).

In both motions, Plaintiff requests injunctive relief against Kern Valley State Prison ("KVSP"). The only Defendants in this action are or were employed at California Substance Abuse Treatment Facility ("SATF"). Plaintiff is currently incarcerated at KVSP. KVSP and KVSP prison officials are not parties to this action.[1] The Court thus lacks jurisdiction in this action to determine the rights of persons not before the Court. *Id.* Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motions for injunctive relief, filed December 24, 2009 and May 27, 2010, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate

---

[1] In a separate objections to the denial of Plaintiff's previous motion, Plaintiff contends that the Court has jurisdiction over the Director of the CDCR, who has authority over all California state prisons. (Doc. 58.) While it may be true that the Director does have authority over KVSP, the Director is not a party to this action, and the Court thus does not have jurisdiction over the Director. Plaintiff's argument is moot.

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 3, 2010**                      /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE