UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCUS R. ELLINGTON,                    1:09-CV-00054-OWW-DLB PC

          Plaintiff,           ORDER DENYING PLAINTIFF'S MOTION
                               FOR RECONSIDERATION

     v.                        (ECF NO. 67)

CLARK, et al.,

          Defendants.

_____/

     Plaintiff Marcus R. Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint against Defendants Clark, Lunes, Reynoso, Polk, Diaz, and Jones for violation of the First and Fourteenth Amendments. Pending before the Court is Plaintiff's motion entitled "Plaintiff's motion for rehearing bu U.S. District Jukdge as to whether or not the plaintiff stated a cause of action against the director."  The Court construes this as a motion for reconsideration of the Court's June 28, 2010 Order.  (ECF No. 65.)

1

1   The Court has discretion to reconsider and vacate a prior
2   order.  *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994);
3   *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir.
4   1992).  Motions for reconsideration are disfavored, however, and
5   are not the place for parties to make new arguments not raised in
6   their original briefs.  *Northwest Acceptance Corp. v. Lynnwood*
7   *Equip., Inc.*, 841 F.2d 918, 925-6 (9th Cir. 1988).  Nor is
8   reconsideration to be used to ask the court to rethink what it
9   has already thought.  *United States v. Rezzonico*, 32 F. Supp. 2d
10  1112, 1116 (D. Ariz.1998).  "A party seeking reconsideration must
11  show more than a disagreement with the Court's decision, and
12  recapitulation of the cases and arguments considered by the court
13  before rendering its original decision fails to carry the moving
14  party's burden."  *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d
15  1111, 1131 (E.D. Cal. 2001).

16  Motions to reconsider are committed to the discretion of the
17  trial court.  *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441
18  (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir.
19  1983) (en banc).  To succeed, a party must set forth facts or law
20  of a strongly convincing nature to induce the court to reverse
21  its prior decision.  *See Kern-Tulare Water Dist. v. City of*
22  *Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in*
23  *part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.
24  1987).  When filing a motion for reconsideration, Local Rule
25  230(j) requires a party to show the "new or different facts or
26  circumstances are claimed to exist which did not exist or were
27  not shown upon such prior motion, or what other grounds exist for
28  the motion."

1    Plaintiff contends that he stated a cause of action against

2  the Director of the CDCR.  An examination of Plaintiff's second

3  amended complaint, the operative pleading in this action,

4  indicates that Plaintiff failed to name the Director of the CDCR

5  as a defendant.  Plaintiff was warned that an amended complaint

6  supercedes a prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d

7  1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

8  (9th Cir. 1987), and must be "complete in itself without

9  reference to the prior or superseded pleading," Local Rule 220.

10  Plaintiff's second amended complaint does not name the Director

11  as a defendant.

12    Even if Plaintiff had named the Director as a defendant,

13  Plaintiff would still fail to state a claim.  Plaintiff contends

14  that merely by appealing Defendants' alleged constitutional

15  violation to the Director's level, the Director becomes liable.

16  Plaintiff attempts to infer that the Director knew of and

17  consented to the other Defendants' alleged constitutional

18  violations.  First, it is unclear whether the Director personally

19  reviewed Plaintiff's grievances, and thus it is unclear whether

20  the Director even had knowledge.  Second, actions in reviewing an

21  inmate grievance alone are not sufficient to demonstrate

22  liability under § 1983.  "Ruling against a prisoner on an

23  administrative complaint does not cause or contribute to the

24  violation."  *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

25  For a supervisory defendant to be liable, there must be either

26  personal involvement or a sufficient causal connection between

27  the supervisor's wrongful conduct and the constitutional

28  violation.  *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001)

1  (per curiam) (citing *Redman v. County of San Diego*, 942 F.2d

2  1435, 1446 (9th Cir. 1991) (en banc)).

3      Accordingly, Plaintiff's motion for reconsideration, filed

4  July 22, 2010, is DENIED.

5  IT IS SO ORDERED.

6  **Dated:    July 29, 2010           /s/ Oliver W. Wanger**
                                UNITED STATES DISTRICT JUDGE