# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS R. ELLINGTON, | 1:09-CV-00054-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED AND ACTION BE DISMISSED WITHOUT PREJUDICE |
| v. | |
| KEN CLARK, et al., | |
| Defendants. | (ECF NO. 43) |
| / | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendations**

**I.      Background**

Plaintiff Marcus R. Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint against Defendants Lunes, Reynoso, Polk, Diaz, and Clark for retaliation in violation of the First Amendment, and against defendants Lunes and W. Jones for deprivation of property in violation of the Due Process Clause of the Fourteenth Amendment.

On December 8, 2009, Defendants filed a motion to dismiss pursuant to the unenuemerated portion of Federal Rule of Civil Procedure 12(b), for Plaintiff's failure to exhaust administrative remedies.  (Defs.' Mot. Dismiss, ECF No. 43.)  On June 30, 2010, Plaintiff filed his opposition, entitled "Notice/Plaintiff's Renewed Demonstration of Exhaustion of Administrative Remedies Per-Court Order."  (Pl.'s Opp'n, ECF No. 66.)  On July 26, 2010,

1

1  Defendants filed their reply.  (Defs.' Reply, ECF No. 68.)  The matter is submitted pursuant to
2  Local Rule 230(l).[1]

3  **II.     Summary Of Second Amended Complaint**

4       Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility
5  ("CSATF").  On December 27, 2008, at approximately 5 PM, Plaintiff's cellmate Hill told
6  registered nurse Giwa during medication distribution that Hill was going to kill himself.  (Pl.'s
7  Second Am. Compl. ("SAC"), p. 3.)  Hill was removed from his cell to the clinic, where he
8  informed Defendant Dergeant Lunes that unless Plaintiff was moved, Hill would kill Plaintiff.
9  Defendant Lunes ordered Hill moved to another cell, and Plaintiff was placed into a holding cage
10 at the clinic.  (SAC, p. 3.)  Defendant Lunes ordered a cell search as punishment for Plaintiff
11 having a series of cell changes due to his bipolar condition.  (SAC ¶ 5.)  Defendant Captain
12 Reynoso is aware that Plaintiff is not a Crip gang member and has difficulty being housed with
13 Crip gang members, but Reynoso continued to house Plaintiff with Crips.  (SAC ¶ 6.)  During the
14 cell search, Defendant W. Jones confiscated and destroyed several of Plaintiff's items.  (SAC ¶
15 11.)

16      Defendant Lunes ordered Plaintiff returned to his cell, where Plaintiff found his cell in
17 shambles.  (SAC ¶ 7.)  Plaintiff refused to enter his cell.  (*Id.*)  Plaintiff was then wheeled back to
18 the holding cage in at the clinic where Defendant Lunes informed Plaintiff that he was going to
19 Administrative Segregation Unit ("ASU") for threatening Defendant Lunes and that Plaintiff
20 would be transferred.  (SAC ¶ 9.)

21      Plaintiff was placed in ASU on December 27, 2008.  (SAC ¶ 13.)   Defendant Lunes
22 found an old confidential memorandum that included an inmate's statement that Plaintiff is a
23 gang member.  (SAC  ¶ 13.)  Defendant Lunes included this memorandum in his supplemental
24 report to the Rules Violation Report concerning threats.  (SAC ¶ 13.)

---

26  [1] Plaintiff was provided with the requirements for opposing an unenumerated 12(b) motion in the Court's
27  second informational order, issued August 24, 2009.  *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).
    Plaintiff filed his opposition on June 30, 2010.  Pursuant to Local Rule 230(l), Defendants are required to
28  file a reply within 7 days after the opposition is served.  However, it is unclear whether Plaintiff served Defendants
    with his opposition.  Accordingly, the Court will consider Defendants' reply.

1     Defendant Captain Reynoso reviewed the threat charge and found the charge to be
unsubstantiated.  (SAC ¶ 14.)  Defendant Reynoso changed the charge to "behavior that might
lead to violence," despite not having any authority to do so.  (SAC ¶ 15.)

     On January 23, 2009, Plaintiff was taken to Institutional Classification Committee
("ICC") where Defendant Reynoso asked Defendant Polk to retain Plaintiff in ASU and transfer
him because of Defendant Lunes's report.  (SAC ¶ 19.)  Defendant Polk did not permit Plaintiff
to speak at the hearing and agreed with Defendant Reynoso's assessment.  (SAC ¶ 20.)

     Plaintiff then contacted Defendant deputy chief warden Diaz and explained to him that
the threat charge which led to Plaintiff's placement in ad seg had been dismissed and that
Plaintiff should thus be released.  Defendant Diaz ordered that Plaintiff be brought to the next
ICC hearing and if there was no other reason to retain Plaintiff in ad seg other than Lunes's threat
charge, Plaintiff would be released.  (SAC ¶ 22.)

     On January 29, 2009, Plaintiff was brought before ICC again, with Defendant Diaz
present.  (SAC ¶ 23.)  Plaintiff was shown for the first time the supplemental report by Lunes.
(SAC ¶ 23.)  Plaintiff requested an opportunity to present his cause, and Defendant Diaz ordered
that Plaintiff be brought to the next ICC hearing.  (SAC ¶ 23.)  Plaintiff at his next ICC hearing
was retained in ASU again by Defendant Polk.  (SAC ¶ 25.)  Plaintiff had notified Defendants
Diaz, Polk, and Warden Clark that his transfer and ad seg placement were based on a non-
existent threat charge and that it was being done in a retaliatory manner.  (SAC ¶ 29.)

**III.    Exhaustion Of Administrative Remedies**

   **A.    Legal Standard**

     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility until such administrative remedies as are
available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available
administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney
v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  Exhaustion is required
regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

3

*Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

**B.     Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

4

1   Defendants contend that Plaintiff did not exhaust administrative remedies prior to filing
2 his suit. (Defs.' Mem. P. & A. Support Mot. Dismiss 7:19-8:8.) Defendants submit in support
3 Exhibit A, inmate grievance No. SATF-09-00271, which concerned Defendants Lunes and
4 Jones's actions. (Defs.' Mot. Dismiss, Appeals Coordinator Bob Hall Decl., Ex. A, Inmate
5 Grievance No. SATF-09-00271.) Plaintiff filed this grievance on January 12, 2009, and it was
6 received January 14, 2009 by the CSATF Appeals office. The grievance was exhausted at the
7 Director's Level on July 1, 2009. Plaintiff initiated this action on January 5, 2009. (Pl.'s
8 Compl., ECF No. 1.)

9   Plaintiff does not dispute that grievance No. SATF-09-00271 was exhausted on July 1,
10 2009. Plaintiff contends, however, that he has exhausted administrative remedies because he
11 exhausted his grievance prior to Defendants being served with summons and complaint. (Pl.'s
12 Opp'n 2.) Plaintiff contends that because actual exhaustion has occurred, there is no reason to
13 dismiss the complaint.

14   Plaintiff's contention fails as a matter of law. Controlling Ninth Circuit law interprets §
15 1997e(a) to "require[ ] exhaustion before the filing of a complaint and that a prisoner does not
16 comply with this requirement by exhausting available remedies during the course of the
17 litigation." *McKinney*, 311 F.3d at 1199. Furthermore,

> [w]hile it is true that requiring dismissal may, in some circumstances, occasion the
> expenditure of additional resources on the part of the parties and the court, it
> seems apparent that Congress has made a policy judgment that this concern is
> outweighed by the advantages of requiring exhaustion prior to the filing of suit.

21 *Id.* at 1200. The undersigned recommends dismissal of this action without prejudice, *Wyatt*, 315
22 F.3d at 1119-20, and does not reach Defendants' and Plaintiff's other arguments.[2]

23 **IV.   Conclusion and Recommendation**

24   Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to
25 dismiss, filed December 8, 2009, be GRANTED and this action be DISMISSED without

---

[2] In his opposition, Plaintiff also submits grievance No. SATF-09-00664, which grieved Plaintiff's retention in the ASU. This grievance was exhausted April 7, 2010. (Pl.'s Opp'n, p. 19.) Plaintiff also failed to exhaust this grievance prior to filing this action.

5

1  prejudice.

2    These Findings and Recommendations will be submitted to the United States District
3  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
4  **thirty (30) days** after being served with these Findings and Recommendations, the parties may
5  file written objections with the Court.  The document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
7  objections within the specified time may waive the right to appeal the District Court's order.
8  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9    IT IS SO ORDERED.

10   Dated:   **August 2, 2010**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE